UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENOVEVA GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WALMART INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00756-JLT-CDB<br><br>ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $100 PER DAY<br><br>(Doc. 17) |

### **Background**

Plaintiff Genoveva Gonzalez ("Plaintiff") initiated this action with the filing of a complaint on March 27, 2025, in the Kern County Superior Court, case number BCV-25-101113. (Doc. 1). Defendant Walmart Inc. ("Defendant") removed the case to this Court on June 20, 2025. *Id.* Plaintiff asserts claims against Defendant and un-served Defendant Deborah Walters arising from an injury Plaintiff sustained during a incident at Defendant's Walmart store located in Bakersfield, California. *Id.*

On September 16, 2025, the Court entered the operative scheduling order setting forth discovery, pretrial and trial dates and deadlines. (Doc. 16). That same day, based on counsel for Plaintiff's representations during the scheduling conference that Defendant Deborah Walters has not been served, and because the time to effect such service had expired (*see id.* at 2), the Court ordered Plaintiff to file within seven (7) days either a notice of voluntary dismissal of Defendant

1

Walters or a report demonstrating good cause for any requested extension of time to effect service upon Defendant Walters. (Doc. 15) (citing Fed. R. Civ. P. 4(m)); accord (Doc. 16 at 2). Plaintiff was forewarned that any failure to timely comply with this order would result in a recommendation to dismiss Defendant Walters. (Doc. 15). After Plaintiff failed to timely comply with the Court's orders, on September 24, 2025, the Court ordered Plaintiff to show cause in writing within two (2) days why sanctions should not be imposed for her failure to comply with the Court's orders. (Doc. 17). Plaintiff was admonished that the failure to timely comply with the order will result in the imposition of sanctions, including financial sanctions and/or a recommendation to dismiss this case. *Id.*

Plaintiff has failed to file any response in compliance with the Court's order to show cause, and the deadline to do so has passed.

**Governing Authority**

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See*, *e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of

counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

**Discussion**

Here, the Court ordered Plaintiff to file either a notice of voluntary dismissal of Defendant Walters or a report demonstrating good cause for any requested extension of time to effect service upon Defendant Walters. (Doc. 15; Doc. 16 at 2). The Court extended to Plaintiff a reasonable amount of time to comply with its order (*e.g*., seven days). When Plaintiff failed to make any timely filing in response to the Court's order, the Court ordered Plaintiff to comply at risk of sanction. *See* (Doc. 17). Still, Plaintiff has failed to comply with the Court's orders.

Aside from evidencing Plaintiff's lack of regard for complying with court orders, Plaintiff's intransigence is preventing the Court from efficiently managing its docket in this action. Accordingly, the Court finds that monetary sanctions are appropriate to compel Plaintiff to comply with this Court's orders. Therefore, to gain Plaintiff's compliance, a $100 sanction shall be imposed on Plaintiff commencing on the date of this order and shall continue to be imposed each day thereafter until Plaintiff files either a notice of voluntary dismissal of Defendant Walters or a report demonstrating good cause for any requested extension of time to effect service upon Defendant Walters. Plaintiff's filing of either a notice of voluntary dismissal of Defendant Walters or a report as described above will not relieve Plaintiff of the sanction imposed commencing on this date. Further, the daily deadline shall expire at the close of business each day at 5:00 PM.

///

///

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff Genoveva Gonzalez shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until Plaintiff files a either a notice of voluntary dismissal of Defendant Walters or a report demonstrating good cause for any requested extension of time to effect service upon Defendant Walters.

IT IS SO ORDERED.

Dated:   **September 29, 2025**                              _____
                                                                                    UNITED STATES MAGISTRATE JUDGE

4