UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENOVEVA GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00756-JLT-CDB<br><br>ORDER REQUIRING PLAINTIFF AND COUNSEL TO SHOW CAUSE IN WRITING AS TO WHY DAILY SANCTIONS SHOULD NOT CONTINUE AND WHY FULL SANCTION AMOUNT SHOULD NOT BE IMPOSED<br><br>(Docs. 18, 21)<br><br>**OCTOBER 24, 2025, DEADLINE** |

**Background**

Plaintiff Genoveva Gonzalez ("Plaintiff") initiated this action with the filing of a complaint on March 27, 2025, in the Kern County Superior Court, case number BCV-25-101113. (Doc. 1). Defendant Walmart Inc. ("Defendant") removed the case to this Court on June 20, 2025. *Id*. Plaintiff asserts claims against Defendant arising from an injury Plaintiff sustained during a incident at Defendant's Walmart store located in Bakersfield, California. *Id*.[1]

On September 16, 2025, the Court entered the operative scheduling order setting forth discovery, pretrial and trial dates and deadlines. (Doc. 16). That same day, based on counsel for Plaintiff's representations during the scheduling conference that Defendant Deborah Walters has

---

[1] Plaintiff voluntarily dismissed formerly named Defendant Deborah Walters. (Docs. 19, 22).

1

not been served, and because the time to effect such service had expired (*see id.* at 2), the Court ordered Plaintiff to file within seven (7) days either a notice of voluntary dismissal of Defendant Walters or a report demonstrating good cause for any requested extension of time to effect service upon Defendant Walters.  (Doc. 15) (citing Fed. R. Civ. P. 4(m)); accord (Doc. 16).  After Plaintiff failed to timely comply with the Court's orders, on September 24, 2025, the Court ordered Plaintiff to show cause in writing within two (2) days why sanctions should not be imposed for her failure to comply with the Court's orders.  (Doc. 17).  Plaintiff was admonished that the failure to timely comply with the Court's order could result in the imposition of sanctions, including financial sanctions and/or a recommendation to dismiss this case.  *Id.*

After Plaintiff failed to file any response in compliance with the Court's order to show cause, and the deadline to do so had passed, on September 29, 2025, the Court ordered Plaintiff to pay the Clerk of the Court $100.00 per day from the date of the order until she filed either a notice of voluntary dismissal of Defendant Walters or a report demonstrating good cause for any requested extension of time to effect service upon Defendant Walters.   (Doc. 18 at 4).   Plaintiff was admonished that her filing of either a notice of voluntary dismissal of Defendant Walters or a report as described above would not relieve her of the sanction imposed commencing on the date of the order, and that the daily deadline to comply expires at the close of business each day at 5:00 PM.  *Id.*

Shortly after the Court entered its sanctions order, Plaintiff filed a notice of voluntary dismissal of Defendant Walters.  (Doc. 19).  In light of Plaintiff's compliance with the Court's sanctions order, the Court discharged the order and imposed a total sanction of $100.00 for Plaintiff's failure to timely comply.  (Doc. 21).  Plaintiff was ordered to pay the Clerk of the Court $100.00 in full satisfaction of the sanction imposed no later than October 14, 2025, and to promptly file proof of payment with the Court once payment was made.  *Id.* at 3.  Plaintiff was forewarned that if such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from October 14, 2025, until full payment is received, and that "**[a]ny failure by Plaintiff to comply with this order will result in the imposition of sanctions**." *Id.* (emphasis original).

2

1   Plaintiff has not paid the Clerk of the Court $100.00 in full satisfaction of the sanction
2   imposed and has not filed any document seeking an extension or other relief of the deadline to do
3   so, and the time to do so has passed. Accordingly, pursuant to the Court's September 30, 2025,
4   order (Doc. 21), as of the date of this order, additional sanctions of $50.00 per day have accrued
5   from October 14, 2025, totaling an amount of $550.00, including the $100.00 sanction initially
6   imposed.

**Governing Authority**

8   The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to
9   secure the just, speedy and inexpensive determination of an action. Fed. R. Civ. P. 1. To effectuate
10  this purpose, the rules provide for sanctions against parties that fail to comply with court orders or
11  that unnecessarily multiply the proceedings. *See*, *e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).
12  Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to
13  obey a scheduling or other pretrial order.

14  The Court also possesses inherent authority to impose sanctions to manage its own affairs
15  so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501
16  U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all
17  others, including to protect the due and orderly administration of justice and maintain the authority
18  and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to
19  compel a party to comply with the Court's orders, the Court may issue daily sanctions until
20  compliance is obtained. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 613, 629-30 (9th
21  Cir. 2015) (recognizing a district court's authority to impose daily sanctions to coerce compliance
22  with court order); *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's
23  authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what
24  he had refused to do.").

25  Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of
26  counsel or of a party to comply with these Rules or with any order of the Court may be grounds for
27  imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent
28  power of the Court." Local Rule 110. Further, "[i]n the event any attorney subject to these Rules

1 engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge
2 may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after
3 reasonable notice and opportunity to show cause to the contrary, take any other appropriate
4 disciplinary action against the attorney." Local Rule 184(a). "In addition to or in lieu of the
5 foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court
6 before which the attorney has been admitted to practice." *Id.*

**Discussion**

Here, the Court ordered Plaintiff to file either a notice of voluntary dismissal of Defendant Walters or a report demonstrating good cause for any requested extension of time to effect service upon Defendant Walters by September 23, 2025. (Doc. 15; Doc. 16 at 2). When Plaintiff failed to comply by the deadline imposed, the Court ordered compliance at risk of sanction. *See* (Doc. 17). After the imposition of a $100 sanction prompted by Plaintiff's noncompliance (Doc. 18), Plaintiff subsequently complied by filing a notice of voluntary dismissal on September 29, 2025. (Doc. 19). On September 30, 2025, the Court imposed a total sanction of $100.00 to be paid to the Clerk of the Court no later than October 14, 2025, at risk of further sanctions of $50.00 per day from that date until full payment is received. (Doc. 21 at 3). Still, and despite the subsequent imposition of daily sanctions prompted by Plaintiff's noncompliance, Plaintiff still has failed to comply with the Court's orders in timely paying the Clerk of the Court the sanctions amount imposed and to promptly file proof of payment with the Court thereafter. Aside from evidencing Plaintiff's lack of regard for complying with court orders, Plaintiff's intransigence is preventing the Court from efficiently managing its docket in this action.

As of the date of this order, daily sanctions are set to reach $550.00 by the daily deadline imposed from the Court's order (Doc. 21 at 3). Pursuant to California law, "a court shall notify the State Bar of any of the following: . . . (3) The imposition of any judicial sanctions against an attorney, except sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)." Cal. Bus. & Prof. Code § 6086.7(a)(3). Though the total sanctions amount as of this order is below the $1,000 threshold for reporting to the State Bar, should the total sanctions amount accrue over $1,000, the Court would be called upon to notify the State Bar of the

sanctions imposed.

It is not clear if Plaintiff or her counsel are even aware of the ongoing daily sanctions, and counsel may have neglected to read the order entirely or otherwise failed to address it. The Court shall afford Plaintiff and her counsel an opportunity to explain why the total sanction amount already accrued as of this date should not be imposed in total, jointly and severally against Plaintiff and his counsel. The Court may accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to timely pay to the Clerk of the Court the cumulative daily sanctions now owed.

To be clear to Plaintiff and her counsel, nothing in this order suspends the ongoing imposition of the daily sanctions that began from October 14, 2025, and the daily sanctions will continue to accrue during the pendency of the response period indicated in this order, until Plaintiff and counsel comply with the Court's orders noted above and this order.

**Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED, that no later than **October 24, 2025**, Plaintiff Genoveva Gonzalez and counsel Sean Blythe Shriver shall show cause in writing why the cumulative, previously imposed sanction and daily sanction amount, set to reach $550.00 as of the date of this order (October 22, 2025), shall not be imposed jointly and severally, and why daily sanctions shall not continue to be imposed.

IT IS SO ORDERED.

Dated:   **October 22, 2025**                                     _____
                                                              UNITED STATES MAGISTRATE JUDGE

5