UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENOVEVA GONZALEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>WALMART INC.,<br><br>            Defendant. | Case No. 1:25-cv-00756-JLT-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER<br><br>(Doc. 30) |

On February 11, 2026, the parties filed a proposed, stipulated protective order.  (Doc. 30). As discussed in more detail below, the undersigned is authorized to enter protective orders (Local Rule 302(c)(1)) provided they comply with Local Rule 141.1.  The Court has reviewed the proposed stipulated protective order and concludes it does not comply with Local Rule 141.1.  For the reasons set forth below, the Court will deny without prejudice the parties' request to enter the proposed, stipulated protective order.

**The Stipulated Protective Order Fails to Comply with Local Rule 141.1(c)**

The proposed stipulated protective order does not comply with Local Rule 141.1.  Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

(1)     A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a

troubled child);

(2)    A showing of <u>particularized need</u> for protection as to each category of information proposed to be covered by the order; and

(3)    A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c) (emphasis added).

Here, the proposed protective order does not set forth an adequate description of the types of information eligible for protection.  In particular, the protective order's mere reference to "confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted" (Doc. 30 at 2) is not "sufficient to reveal the nature of the information" sought to be protected.  The parties' recitation appears to be boilerplate language not tailored to the needs of this case.  Nor does the protective order offer any explanation as to what particularized need for protection is required, nor why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that the parties' request for approval of the proposed stipulated protective order (Doc. 30) is DENIED without prejudice.  The parties may re-file a revised, stipulated protective order that complies with Local Rule 141.1(c) and remedies the deficiencies set forth in this order.

IT IS SO ORDERED.

Dated:    **February 12, 2026**                    _____
                                                                       UNITED STATES MAGISTRATE JUDGE

2